345 So.2d 1061 (1977)
Marvin Leroy CUMBIE, Petitioner,
v.
STATE of Florida, Respondent.
No. 49134.
Supreme Court of Florida.
March 17, 1977.
Rehearing Denied May 31, 1977.
Donald G. Nichols of Dawson, Galant, Maddox, Sulik & Nichols, Jacksonville, for petitioner.
Robert L. Shevin, Atty. Gen., and A.S. Johnston, Asst. Atty. Gen., for respondent.
BY THE COURT:
We have before us for review upon a writ of certiorari a decision of the First District Court of Appeal reported at 327 So.2d 67 which on its face directly conflicts with this Court's decision in Richardson v. State, 246 So.2d 771 (Fla. 1971). We have jurisdiction under Article V, Section 3(b)(3) of the Florida Constitution.
The sole issue before us is whether the trial judge committed reversible error when he allowed into evidence the surprise testimony of two law enforcement officers concerning statements made by the petitioner. We hold that he did.
The defense had requested discovery under Fla.R.Crim.P. 3.220(a)(1)(iii) of any oral statements made by the defendant which were known to the prosecution. The state responded that no statements had been made and did not amend its answer at any time before the trial. This response was either false at the time it was made, or became false in violation of the state's continuing duty to disclose under Fla.R.Crim.P. 3.220(f). The state did inform the defense that the two officers would be called as witnesses but the existence of the statements was not disclosed during depositions taken by the defense. When one of the officers was deposed he stated that the *1062 petitioner had not made any statements. The other officer was not questioned in regard to possible statements, defense counsel having no reason to suspect any had been made. The trial judge allowed the officers to testify as to petitioner's statement and found those statements voluntary. The judge stated, however, that the state's violation of our rules would have caused him to prohibit the testimony except for the fact that the petitioner was the one who made the statements. Obviously the trial judge misconceived the effect of our rules and the significance of Richardson.
In Richardson we held that a violation of the Rules of Criminal Procedure by the state would require an appellate court to reverse a conviction unless the trial court made an inquiry into all the circumstances surrounding the breach, with the state having the burden of showing to the trial court that there was no prejudice to the defendant. In affirming the petitioner's convictions, the district court reviewed the record anew and found that "although the state violated two discovery rules, and the trial court did not make the inquiry into the surrounding circumstances as suggested by the Richardson case, nevertheless, the error was harmless."
It is clear that the trial court's investigation of the question of prejudice was not the full inquiry Richardson requires. No appellate court can be certain that errors of this type are harmless. A review of the cold record is not an adequate substitute for a trial judge's determined inquiry into all aspects of the state's breach of the rules, as Richardson indicates. Especially is this so in cases such as this, where a false response is given to a request for discovery.[*] The mere fact that alleged statements are attributed to the petitioner cannot relieve the state of its duty to disclose; that is precisely the situation contemplated by Rule 3.220(a)(1)(iii).
The trial court erred in admitting into evidence the testimony concerning the alleged statement of the petitioner without conducting an inquiry into the question of prejudice, and this error is reversible as a matter of law. The decision of the district court is quashed and the case remanded with instructions to order a new trial.
OVERTON, C.J., and ADKINS, BOYD, ENGLAND, SUNDBERG, HATCHETT and KARL, JJ., concur.
NOTES
[*] It seems appropriate to reiterate here the partial text of Ethical Consideration 7-13 under Canon 7 of our Code of Professional Responsibility:

"The responsibility of a public prosecutor differs from that of the usual advocate; his duty is to seek justice, not merely to convict... . With respect to evidence and witnesses, the prosecutor has responsibilities different from those of a lawyer in private practice: the prosecutor should make timely disclosure to the defense of available evidence, known to him, that tends to negate the guilt of the accused, mitigate the degree of the offense, or reduce the punishment."