RAWLS, Judge.
Andrew Allen was convicted of the crime of burglary of a dwelling and sentenced.
The issue on this appeal is whether the trial court erred in failing to grant appellant’s motion for continuance on the ground that the state had failed to respond to his demand for discovery.
Pursuant to Fla.R.Crim.P. 3.220, an assistant public defender, who had been appointed to represent Allen, timely filed a written demand upon the prosecuting attorney for all evidence discoverable under said rule. The state failed to respond. Immediately prior to trial Allen, having decided that he desired to represent himself,[1] moved for a continuance upon the ground, inter alia: “. . .1 have not been given any kind of evidence, what type of proof they got against me. They say ‘witnesses’. He hasn’t told me whether there is one or more than one. They haven’t explained what kind of evidence.” The trial court, after observing that Allen’s motion was made “when the venire is out here, been duly qualified”, denied the motion for continuance.
This court’s opinion in Lavigne v. State, First DCA Case No. EE-365, opinion filed June 1, 1977, not yet reported requires reversal. It is undisputed that the state violated a salient Rule of Criminal Procedure. Failure on the part of a trial court to make a full inquiry under such circumstances mandates a reversal. Richardson v. State, 246 So.2d 771 (Fla.1971).
Reversed and remanded for a new trial.
BOYER, C. J., and SMITH, J., concur.

. The trial court retained Allen’s appointed counsel as his standby attorney.