PER CURIAM.
The defendant appeals from conviction of grand larceny, armed burglary, and resisting arrest with violence, of which offenses he was found guilty on a jury trial. Adjudication of guilt was withheld on the convictions of grand larceny and resisting arrest. The defendant was adjudged guilty of the burglary offense, and was sentenced to imprisonment for a term of 15 years.
Based on fingerprint evidence, the defendant was arrested. At trial one of the arresting officers testified that when the defendant was informed he was under arrest, in resisting arrest, he stated: “I’m not going to jail again. I’m not going to jail again”.
The defense had requested discovery, under Fla.R.Crim.P. 3.220(a)(l)(iii), of any oral statements made by the defendant which were known to the prosecution. The response of the State thereto had not disclosed the above statement of the defendant. For that reason and other stated grounds, including prejudicial effect thereof, the defense attorney moved the court for an order of mistrial. The motion was denied, and the court instructed the jury to disregard the said testimony.
*889 In contending for reversal, appellant argues first that it was reversible error for the court to fail to conduct an inquiry into the circumstances of the State’s failure to comply with the discovery rule in the respect above noted, citing: Cumbie v. State, 345 So.2d 1061 (Fla.1977), and Richardson v. State, 246 So.2d 771 (Fla.1971). Those cited cases are not applicable to the situation here. This was not an instance of where the court, after being informed of non-compliance with such discovery, is required to make an inquiry as to whether evidence to be introduced will be prejudicial, so as to preclude its introduction. Here the evidence, to the extent that it was prejudicial, had already been brought out in the testimony before the jury. In that circumstance, the question for the court was to determine the degree of prejudice thereof, and as to whether a mistrial, as requested, should be granted.
That leads to the second contention of the appellant, which is that the denial of defendant’s motion for mistrial was reversible error. We hold that contention is without merit, on authority of Perry v. State, 146 Fla. 187, 200 So. 525 (1941), and Williams v. State, 354 So.2d 112 (Fla. 3d DCA 1978).
A third error claimed by the appellant was refusal of the court to give a jury charge requested by the defendant relating to the standard of proof applicable when the State relies on fingerprint evidence, in conformity with the law relating thereto as pronounced in Ivey v. State, 176 So.2d 611 (Fla. 3d DCA 1965), and Tirko v. State, 138 So.2d 388 (Fla. 3d DCA 1962), in which it was held that where fingerprint evidence is relied on to establish that the defendant is the perpetrator of a crime it must meet the requirement that the circumstances are such that the print could have been made only at the time the crime was committed. Those cases, which stated the law but did not deal with the question of giving or refusing to give a separate charge on that feature, were decided prior to the approval by the Supreme Court of Florida on February 4, 1976 of the Standard Jury Instructions in Criminal Cases. The trial court charged the jury on circumstantial evidence, as set forth in Standard Charge 2.14. We hold no error was committed in refusing to give the requested charge in addition to the charge thus given.
For the reasons stated, the judgment is affirmed.