HUBBART, Judge
(dissenting).
I must respectfully dissent. In my view, the trial court committed reversible error in failing to conduct a Richardson inquiry into the state’s admitted discovery violation.
It is the established law of this state that once a violation of the state’s obligation to make discovery under Fla.R.Crim.P. 3.220 is brought to the attention of the trial court, it is the court’s responsibility to conduct an inquiry into the surrounding circumstances concerning the discovery violation to determine whether the defendant has been thereby prejudiced and what sanctions, if any, should be imposed. This inquiry at a minimum must include whether the state’s failure to make discovery was inadvertent or willful, whether the discovery violation was trivial or substantial, and most importantly, what effect, if any, the said discovery violation had on the ability of the defendant to properly prepare for trial. In such inquiry, the state has the burden of showing that the defendant was not prejudiced by the state’s discovery violation. The failure of the trial court to conduct such an inquiry once the discovery violation is brought to its attention is reversible error without regard to the harmless error doctrine. Cumbie v. State, 345 So.2d 1061 (Fla.1977); Richardson v. State, 246 So.2d 771 (Fla.1971); Lavigne v. State, 349 So.2d 178 (Fla. 1st DCA 1977); Allen v. State, 346 So.2d 1241 (Fla. 1st DCA 1977); Hardison v. State, 341 So.2d 270 (Fla. 2d DCA 1977); Kruglak v. State, 300 So.2d 315, 316 (Fla. 3d DCA 1974); Rembert v. State, 284 So.2d 428 (Fla. 3d DCA 1973); Carnivale v. State, 271 So.2d 793 (Fla. 3d DCA 1973); Garcia v. State, 268 So.2d 575 (Fla. 3d DCA 1972); Salamone v. State, 247 So.2d 780 (Fla. 3d DCA 1971).
*890 The state does not contest any of the above well-settled principles of criminal discovery law. Nor does the state deny that it violated its responsibility under the criminal discovery rules when in response to a defense demand for discovery it falsely stated that it had no statements made by the defendant to the police and failed to disclose to the defendant the oral statement made by the defendant to the arresting officer herein in violation of Fla.R.Crim.P. 3.220(a)(1)(iii). Cumbie v. State, 345 So.2d 1061 (Fla.1977). Instead, the state’s sole argument on appeal as to this issue is that its admitted discovery violation was not brought to the attention of the trial court by defense counsel in his motion for mistrial made immediately after the undisclosed statement was testified to by the arresting officer before the jury. This argument has no merit. The court in its opinion herein has impliedly rejected this contention by accurately concluding that the state’s nondisclosure of the defendant’s statement was one of the reasons given by defense counsel for the said motion for mistrial. Since the required inquiry into the discovery violation was not thereafter conducted by the trial judge, a reversal of the conviction herein is clearly mandated by the applicable law of this state.[1]
The court in its opinion, however, distinguishes the Richardson inquiry cases on the ground that the undisclosed statement herein was already introduced in evidence before the discovery violation was brought to the court’s attention and, therefore,- no inquiry as to prejudice was required. I find no such exception stated or implied in the Richardson line of cases, nor do I feel that such a distinction is warranted. Otherwise, the state could escape trial court inquiry into its discovery violations by the device of surreptitiously slipping into evidence previously undisclosed discovery evidence before the defendant has a chance to object. Obviously, such a procedure if approved would undermine the Richardson inquiry requirement.
In the instant case, defense counsel promptly brought the discovery violation to the court’s attention as soon as he learned of it. The police witness blurted out the previously undisclosed statement herein and immediately thereafter defense counsel moved for a mistrial and complained of the state’s discovery violation. This circumstance in no way constitutes a waiver of the trial court’s responsibility to conduct thereafter an inquiry into the discovery violation herein and the cases fail to recognize any such exception.
Moreover, the court does not address the question of whether the defendant was prejudiced by the discovery violation in his *891 ability to prepare his case for trial. Nor is there any discussion as to whether the state’s discovery violation was willful or inadvertent, substantial or trivial. These are the critical issues which should have been determined by the trial court in an inquiry required by the Richardson line of cases. It is not our function to decide these questions on appeal in the absence of a trial court inquiry into the subject. The Supreme Court of Florida in Cumbie v. State, 345 So.2d 1061 (Fla.1977), has so held particularly where, as here, the state has given a false response on discovery.[2]
As to the defendant’s contention that the court erred in failing to give a special instruction with respect to fingerprints as circumstantial evidence, I entirely agree with the court’s disposition of this point based on the authority of Jones v. State, 336 So.2d 672 (Fla. 1st DCA 1976).
I would reverse the conviction herein and remand the cause for a new trial.

. The testimony of the arresting officer on direct examination by the state and defense counsel’s motion for mistrial based thereon occurred at trial as follows:
“Q. Did you have an occasion to actually come in contact and meet Robert Wilcox to effectuate the arrest?
A. Yes, I did.
Q. Where was that?
A. In his house.
Q. Okay. Did you tell Mr. Wilcox he was under arrest?
A. Yes, we did.
Q. Did he go with you?
A. Not willingly at first.
Q. What happened?
A. We advised him he would have to go down to the station. He said that in various words, I believe his exact words were, ‘Quit fucking with me, I’m not going to jail again. I’m not going to jail again.’ [Emphasis added]
MR. FLYNN [DEFENSE COUNSEL]: Objection. Ask for a sidebar.
THE COURT: Let’s excuse the jury for a minute.
MR. FLYNN [DEFENSE COUNSEL]: May the witness, likewise, be excused for argument?
THE COURT: Sure.
[Thereupon, the jury retired from the courtroom and the following proceedings were had:]
MR. FLYNN [DEFENSE COUNSEL]: Your Honor, at this point, I would move for a mistrial based on the statements of the officer concerning what the defendant said. I have before me the State’s response for discovery, it indicates there are no statements of the defendant. We now have, contrary to the State’s discovery, a statement before the jury which is, number one, of extremely questionable relevance; number two, reflects that the defendant, a juvenile, has been in jail on prior occasions, and accordingly has been arrested in the past and possibly even convicted of crimes in the past. There was no need for this testimony. It’s irrelevant.” [Emphasis added]

. “A review of the cold record is not an adequate substitute for a trial judge’s determined inquiry into all aspects of the state’s breach of the rules, as Richardson indicates. Especially is this so in cases such as this, where a false response is given to a request for discovery.” 345 So.2d at 1062.