367 So.2d 1020 (1979)
Robert G. WILCOX, Petitioner,
v.
STATE of Florida, Respondent.
No. 53907.
Supreme Court of Florida.
February 8, 1979.
*1021 Bennett H. Brummer, Public Defender, and Elliot H. Scherker, Asst. Public Defender, Miami, for petitioner.
Jim Smith, Atty. Gen., and Margarita Esquiroz, Asst. Atty. Gen., Miami, for respondent.
SUNDBERG, Judge.
This cause is before us on petition for writ of certiorari to review a decision of the District Court of Appeal, Third District, reported at 356 So.2d 887, which is alleged to be in conflict with Cumbie v. State, 345 So.2d 1061 (Fla. 1977), and Richardson v. State, 246 So.2d 771 (Fla. 1971). The issue is whether a trial court must conduct a full inquiry into the circumstances surrounding the state's discovery violation of Florida Rule of Criminal Procedure 3.220(a)(1)(iii), when the evidence which was the subject of request for discovery has already been revealed in testimony before the jury. We have jurisdiction pursuant to article V, section 3(b)(3), Florida Constitution.
Petitioner was convicted of grand larceny, armed burglary, and resisting arrest with violence. The trial judge withheld adjudication of guilt on the grand larceny and resisting arrest convictions but adjudged petitioner guilty of burglary and sentenced him to fifteen years' imprisonment.
Prior to trial the defense requested discovery, pursuant to Florida Rule of Criminal Procedure 3.220(a)(1)(iii), of any oral statements made by petitioner which were known to the prosecution. The state responded that it was unaware of any oral statements. At trial, however, the state elicited the following testimony from an arresting officer:
Q. Did you have an occasion to actually come in contact and meet Robert Wilcox to effectuate the arrest?
A. Yes, I did.
Q. Where was that?
A. In his house.
Q. Okay. Did you tell Mr. Wilcox he was under arrest?
A. Yes, we did.
Q. Did he go with you?
A. Not willingly at first.
Q. What happened?
A. We advised him he would have to go down to the station. He said that in various words, I believe his exact words were, "Quit ... with me, I'm not going to jail again. I'm not going to jail again."
Defense counsel immediately moved for a mistrial due to the prejudicial nature of the testimony and the fact that the state's response to discovery indicated no statements *1022 by petitioner. The trial judge denied the motion but instructed the jury to disregard the officer's statement.
The District Court of Appeal, Third District, affirmed the convictions and held that the trial court did not commit reversible error by failing to conduct an inquiry into the circumstances of the state's failure to comply with the discovery rule. They distinguished Cumbie v. State and Richardson v. State by noting that the evidence here, to the extent that it was prejudicial, had already been brought out in testimony before the jury. In contrast, the question in Cumbie and Richardson was whether the court, after being informed of noncompliance with the discovery rules but prior to the introduction of the disputed testimony, was required to make an inquiry into whether the violation was sufficiently prejudicial to preclude introduction of the testimony.
Petitioner contends that the trial judge committed reversible error in failing to conduct a Richardson inquiry into the circumstances surrounding the state's discovery violation. Respondent argues that petitioner failed to pursue his objection to the testimony of the arresting officer, thereby waiving it.[1] Furthermore, the state urges that even assuming a proper objection, no prejudice resulted because the trial court instructed the jury to disregard the statement. For the following reasons, we agree with petitioner's contention.
Florida Rule of Criminal Procedure 3.220(a)(1)(iii) provides:
(a) Prosecutor's Obligation.
(1) After the filing of the indictment or information, within fifteen days after written demand by the defendant, the prosecutor shall disclose to defense counsel and permit him to inspect, copy, test and photograph, the following information and material within the State's possession or control:
.....
(iii) Any written or recorded statement and the substance of any oral statements made by the accused and known to the prosecutor, together with the name and address of each witness to the statement.
The trial court has discretion to determine whether noncompliance with rule 3.220 results in harm or prejudice to a defendant, but that discretion can be properly exercised only after the court has made an adequate inquiry into all the surrounding circumstances. Cumbie v. State; Richardson v. State. The inquiry should ascertain at the least whether the state's violation was inadvertent or willful, whether the violation was trivial or substantial, and most importantly, what effect, if any, it had upon the defendant's ability to prepare for trial. Richardson, 246 So.2d at 775.
It is readily apparent that the trial court did not adhere to the mandate of Cumbie and Richardson in this case. The court did not require the state to explain the reason for its discovery violation, nor was the defense given the opportunity to show prejudice. Indeed, the trial judge had no evidence *1023 on which to rely in making the difficult determination whether the violation had prejudiced the defendant and which, if any, discovery sanction was warranted. The Richardson inquiry was designed to avoid the problems inherent in this prototypical situation.
Respondent misapprehends the nature of the prejudice Cumbie and Richardson seek to remedy. The purpose of a Richardson inquiry is to ferret out procedural, rather than substantive, prejudice. In deciding whether this type of prejudice exists in a given case, a trial judge must be cognizant of two separate but interrelated aspects. First, the judge must decide whether the discovery violation prevented the defendant from properly preparing for trial. In this case, had petitioner known what the officer was going to say, he might have successfully excluded the testimony before trial. At the very least, advance knowledge would have given petitioner time to gather rebuttal evidence. On the other hand, close scrutiny might have revealed that the statement had no bearing on petitioner's defense. Without a Richardson inquiry, the trial court was in no position to make an accurate judgment as to these possibilities.
The second aspect of procedural prejudice deals with the proper sanction to invoke for a discovery violation. Subsections (j)(1) and (2) of Florida Rule of Criminal Procedure 3.220 authorize the imposition of a broad spectrum of sanctions, ranging from an order to comply, to exclusion of evidence, or even a mistrial.[2] Once it has been ascertained whether the discovery violation hindered the defendant in his preparation for trial, the court must consider the nature of the violation in fixing upon a just sanction.[3] Prejudice may be averted through the simple expedient of a recess to permit the questioning or deposition of witnesses having knowledge of the statement. Absent a Richardson inquiry, the court is left to speculate as to the proper course to pursue.
As noted previously, the record before us fails to shed light on any of the circumstances surrounding the state's discovery violation. This Court made it clear in Cumbie that the trial court's investigation into the question of prejudice should be on the record so as to facilitate meaningful appellate review:
It is clear that the trial court's investigation of the question of prejudice was not the full inquiry Richardson requires... . A review of the cold record is not an adequate substitute for a trial judge's determined inquiry into all aspects of the state's breach of the rules, as Richardson indicates. Especially is this so in cases such as this, where a false response is given to a request for discovery.
345 So.2d at 1062 (footnote omitted).
Respondent incorrectly asserts that because the trial judge instructed the jury to disregard the testimony it was, in fact, excluded from evidence, a sanction approved by the rule. Rather than a mere cautionary instruction to ameliorate the adverse impact of the testimony, the rule contemplates that the material not disclosed to the defense shall not be introduced in evidence.
Thus we find that the court below committed reversible error entitling petitioner to a new trial. Respondent would *1024 have us remand the cause to the trial court solely for the purpose of conducting a Richardson inquiry. Such a procedure, however, would not be sufficient in this instance. It would be difficult at best for a trial judge to determine the thorny question of prejudice in an isolated hearing without the possibility of being subconsciously affected by a jury's prior judgment of guilt.[4] In view of the problems inherent in this situation, we deem it expedient to grant petitioner a new trial.
Accordingly, the writ of certiorari is granted, the decision of the District Court of Appeal, Third District, is quashed, and this cause is remanded to the district court with instructions to remand to the Circuit Court of Dade County for proceedings not inconsistent with this opinion.
It is so ordered
ENGLAND, C.J., and ADKINS, OVERTON and HATCHETT, JJ., concur.
BOYD and ALDERMAN, JJ., dissent.
NOTES
[1] Respondent's first point can be disposed of summarily. The following colloquy, conducted immediately after the disputed testimony was elicited, makes it clear that defense counsel objected timely and apprised the court of a possible discovery violation:

MR. FLYNN [DEFENSE COUNSEL]: Objection. Ask for a sidebar.
THE COURT: Let's excuse the jury for a minute.
MR. FLYNN [DEFENSE COUNSEL]: May the witness, likewise, be excused for argument?
THE COURT: Sure.
[Thereupon, the jury retired from the courtroom and the following proceedings were had.]
MR. FLYNN [DEFENSE COUNSEL]: Your Honor, at this point, I would move for a mistrial based on the statements of the officer concerning what the defendant said. I have before me the State's response for discovery, it indicates there are no statements of the defendant. We now have, contrary to the State's discovery, a statement before the jury which is number one, of extremely questionable relevance; number two, reflects that the defendant, a juvenile, has been in jail on prior occasions, and accordingly has been arrested in the past and possibly even convicted of crimes in the past. There was no need for this testimony. It's irrelevant. [Emphasis added.]
[2] (j) Sanctions.

(1) If, at any time during the course of the proceedings, it is brought to the attention of the court that a party has failed to comply with an applicable discovery rule or with an order issued pursuant to an applicable discovery rule, the court may order such party to comply with the discovery or inspection of materials not previously disclosed or produced, grant a continuance, grant a mistrial, prohibit the party from calling a witness not disclosed or introducing in evidence the material not disclosed, or enter such other order as it deems just under the circumstances.
(2) Willful violation by counsel of an applicable discovery rule, or an order issued pursuant thereto, may subject counsel to appropriate sanctions by the court.
[3] It should not be forgotten that the discovery sanctions are designed in part to deter willful discovery violations. See Fla.R.Crim.P. 3.220(j)(2).
[4] See Land v. State, 293 So.2d 704 (Fla. 1974). By this statement we do not mean to disparage the integrity of the trial judges of this state. Rather, we think that a comprehensive investigation into the type of prejudice involved here would be next to impossible in an isolated proceeding.