COBB, Judge.
Appellant was charged with felony possession of marijuana in violation of Section 893.13, Florida Statutes. He initially pled not guilty, filed a demand for discovery pursuant to Florida Rule of Criminal Procedure 3.220(a), and filed a motion to suppress the evidence. The prosecutor filed a response to the discovery demand which stated that a Florida Department of Criminal Law Enforcement (FDCLE) report would be furnished upon its receipt by the state attorney’s office.
After a hearing on the motion to suppress, the trial court denied the motion. The trial was set for that same day. Appellant then orally made an “objection to trial” on the ground that the state had violated the rules of criminal procedure by failing to send the appellant a copy of the FDCLE report. After hearing argument on this motion, the trial court denied it.
Appellant then withdrew his plea of not guilty and pled nolo contendere, specifically reserving the right to appeal the trial court’s denial of his motion to suppress and his objection to trial. Subsequent to judgment and sentencing, appellant brought this appeal seeking review of those two rulings.
We find that there was testimony that established sufficient facts to justify a stop pursuant to Terry v. Ohio, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968) and Section 901.151, Florida Statutes; and to justify the subsequent warrantless search of the vehicle. Therefore, we affirm the order denying the motion to suppress the evidence.
The appellant could have gone to trial and objected to an attempt by the state to offer the FDCLE report on the basis of the state’s violation of the discovery rule. This would have initiated an inquiry by the court into the circumstances surrounding the breach, with the state having the burden of showing that there was no prejudice to the defendant. Cumbie v. State, 345 So.2d 1061 (Fla.1977); Richardson v. State, 246 So.2d 771 (Fla.1971). Instead, appellant made the objection to trial, which we construe as a motion for continuance. We do not believe the denial of that motion has been preserved for appeal. A conditional nolo contendere plea made pursuant to State v. Ashby, 245 So.2d 225 (Fla.1971), is permissible only if the legal issue to be appealed is dispositive of the case. Brown v. State, 376 So.2d 382 (Fla.1979). The denial of the motion for continuance was not dispositive of this case. Therefore, we also affirm the denial of the “objection to trial.”
AFFIRMED.
ORFINGER, J., and WATSON, RICHARD O., Associate Judge, concur.