406 So.2d 109 (1981)
Joseph Donald CLAIR, Appellant,
v.
STATE of Florida, Appellee.
No. 81-88.
District Court of Appeal of Florida, Fifth District.
November 25, 1981.
*110 James B. Gibson, Public Defender, and Julianne Piggotte McLarty, Asst. Public Defender, Daytona Beach, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and James Dickson Crock, Asst. Atty. Gen., Daytona Beach, for appellee.
FRANK D. UPCHURCH, Jr., Judge.
Appellant, Joseph Donald Clair, appeals from an order withholding adjudication of guilt and placing him on one year probation for culpable negligence, five years probation for aggravated assault and one year probation for leaving the scene of an accident.
At the trial, counsel for appellant objected to the admission of testimony regarding an oral statement given by appellant to the witness. The failure of the state to disclose the substance of the statement pursuant to demand for discovery was the basis for the objection. Appellant contends that it was reversible error for the court not to conduct a Richardson[1] inquiry.
Florida Rule of Criminal Procedure 3.220(a)(1)(iii) provides as follows:
(1) After the filing of the indictment or information, within fifteen days after written demand by the defendant, the prosecutor shall disclose to defense counsel and permit him to inspect, copy, test and photograph, the following information and material within the state's possession or control:
* * * * * *
(iii) Any written or recorded statement and the substance of any oral statements made by the accused and known to the prosecutor, together with the name and address of each witness to the statement.
Violation of a rule of procedure does not call for reversal of a conviction unless the record discloses that non-compliance with the rule resulted in prejudice or harm to the defendant. Richardson v. State, 246 So.2d 771 (Fla. 1971). The state has the burden of showing to the trial court that there was no prejudice to the defendant. Cumbie v. State, 345 So.2d 1061 (Fla. 1977). The trial court has discretion to determine whether non-compliance resulted in harm or prejudice to the defendant but this discretion can only be exercised after the court has made a full and adequate inquiry into all of the surrounding circumstances. Richardson at 775; Cumbie at 1062.[2] The trial court's inquiry should ascertain whether the state's violation was trivial or substantial, inadvertent or willful, and the effect, if any, it had upon the defendant's ability to prepare for trial. Wilcox v. State, 367 So.2d 1020 (Fla. 1979). As stated in Wilcox, the trial court's obligation is two-fold: first to determine whether the discovery violation prevented the defendant from properly preparing for trial, and if so, what sanction is appropriate. Wilcox at 1023.[3]
The trial court overruled the objection at the time it was made because defense *111 counsel had failed to specifically ask for the statement. Defense counsel made a demand for all items discoverable under rule 3.220(a)(1). This demand included oral statements under subparagraph (iii). Thus, the state was under a duty to disclose the substance of any oral statement along with the names and addresses of any witnesses to the statements. This the state did not do; in fact, the state answered "no" with regard to any oral or written statements made by appellant.[4]
No inquiry as to the effect of the discovery violation was conducted until appellant renewed his motion for mistrial at the close of the case. At that point, however, argument was limited to the question whether oral statements made to witnesses other than police officers or investigators were discoverable. The trial judge erroneously concluded that only statements made to police officers or made as part of the "res gestae" were discoverable, see, McClellan v. State, 359 So.2d 869 (Fla. 1st DCA 1978); Bell v. State, 327 So.2d 869 (Fla. 1st DCA 1976), and hence he did not address any of the concerns outlined in Richardson. In view of the failure to conduct a proper Richardson inquiry into the effect of the discovery violation, the order withholding adjudication of guilt and placing appellant on probation must be reversed and the cause remanded for a new trial. See Cumbie at 1062. See also Smith v. State, 372 So.2d 86 (Fla. 1979) (Post-trial evidentiary hearing not sufficient to remedy Richardson breach.)
REVERSED and REMANDED.
ORFINGER and COBB, JJ., concur.
NOTES
[1] Richardson v. State, 246 So.2d 771 (Fla. 1971).
[2] In addition, without a Richardson inquiry, the trial court is not in a position to make an informed judgment as to appropriate remedies for the state's violation.
[3] Appropriate sanctions under Rule 3.220(j) range from an order to comply, to exclusion of evidence, or the granting of a mistrial.
[4] The answer to demand for discovery, however, indicates that the state did acknowledge the existence of "written, recorded and/or oral statements of accused." In any event, the substance of any oral statement and the names and addresses of any witnesses to the statement were not disclosed as required by rule 3.220(a)(1)(iii).