HERSEY, Judge.
The trial court sustained a state objection and excluded defense photographic exhibits without conducting a Richardson hearing. (Richardson v. State, 246 So.2d 771 (Fla.1971)). Since “[a] Richardson inquiry is designed to ferret out procedural prejudice occasioned by a party’s discovery violation,” Smith v. State, 872 So.2d 86, 88 (Fla.1979), it is a mandatory component of the trial court’s decision-making process. Failure to conduct a Richardson inquiry requires automatic reversal. Smith v. State, supra; Kilpatrick v. State, 376 So.2d 386 (Fla.1979); Cumbie v. State, 345 So.2d 1061 (Fla.1977); cf. Cuciak v. State, 410 So.2d 916 (Fla.1982).
Accordingly, we reverse and remand for a new trial.
Appellant stands convicted of burglarizing a vehicle and stealing a radio from that vehicle. The testimony establishes that he was observed by a law enforcement officer as he entered a 1979 Ford Bronco parked on a used car lot from which he exited carrying a shiny-chrome-aluminum-type box which he placed in his own vehicle. He then attempted to drive away but was stopped by the officer who found on the front floor of the passenger side of appellant’s vehicle an AM-FM stereo cassette radio, a pair of pliers and some radio knobs.
Appellant’s defense was that sometime earlier he had installed the radio in a truck owned by his employer but used almost exclusively by appellant. Upon later being advised that the truck would no longer be at his disposal he removed the radio. This was alleged to have occurred more than two weeks prior to the incident resulting in appellant’s arrest.
At trial appellant attempted to introduce into evidence a photograph of his employer’s truck and a photograph of the dashboard of the truck showing a void where a radio might otherwise have been.
The state objected to the introduction of the photographs for failure of appellant to comply with the applicable discovery rule. The photographs were excluded. No Richardson inquiry was undertaken by the trial court.
We have concluded that the per se reversible error rule of Richardson v. State, supra, requires that we award appellant a new trial. We do so with great reluctance.
The proffered evidence appears to have little if any probative value. Surely the photograph of an empty truck lends absolutely nothing to appellant’s defense. The second photograph, showing a truck’s dashboard in which is a gaping hole, once the supposed repository of a radio, lends credence to appellant’s story only if supported by a string of inferences which stretch so thin as to endanger if not to destroy fundamental concepts of relevance. At best the culminating inference is cumulative. Thus, if exclusion had been based upon a rule of evidence, it is doubtful if error could have been shown and it is certain that prejudice could not have been shown. At worst, any error would have been considered harmless.
Because of the serious consequences of a violation of the Richardson rule a word about its appropriate application seems in order. Initially the rule was formulated to ensure fairness to a defendant in a case in which the state had violated a discovery rule. In a case in which the trial court refused to exclude states’ witnesses whose names had not been disclosed to the defense despite defendant’s activation of then Rule 1.220(e) of the Florida Rules of Criminal Procedure (now Rule 3.220), this court held *249 that refusal to impose the sanction of exclusion was not per se reversible error. However, said Judge Owen, while the matter is discretionary
[1]f ... it is brought to the attention of the trial court that the state has failed to comply with Rule 1.220(e) CrPR, the court’s discretion can be properly exercised only after the court has made an adequate inquiry into all of the surrounding circumstances. Without intending to limit the nature or scope of such inquiry, we think it would undoubtedly cover at least such questions as whether the state’s violation was inadvertent or wilful, whether the violation was trivial or substantial, and most importantly, what effect, if any, did it have upon the ability of the defendant to properly prepare for trial.
Ramirez v. State, 241 So.2d 744, 747 (Fla. 4th DCA 1970). This language was quoted with approval by the supreme court in Richardson and the rule was instituted that failure to conduct such an inquiry constituted per se reversible error. The reverse edge of this sword was unsheathed in Bradford v. State, 278 So.2d 624 (Fla.1973), holding that it was per se reversible error to fail to conduct a Richardson-type inquiry where the defense violated a discovery rule and the trial court did impose the sanction of exclusion of evidence favorable to the defendant.
In refining Richardson, the supreme court held that errors committed under the rule can never be harmless, Cumbie v. State, 345 So.2d 1061 (Fla.1977), and that a post-trial hearing is insufficient to determine prejudice, rather a new trial is a prerequisite to fairness. Land v. State, 293 So.2d 704 (Fla.1974); Wilcox v. State, 367 So.2d 1020 (Fla.1979).
The lesson of these cases is clear: a Richardson-type inquiry is mandatory where a violation of the discovery rules is relied upon to exclude evidence proffered by a criminal defendant or to refuse to impose the sanction of exclusion of evidence proffered by the state. This analysis is obviously not intended to be exhaustive of the possible ramifications of the Richardson rule, but is simply an attempt to point out and emphasize the two most commonly encountered troublesome areas and to suggest that, in case of doubt, a proper inquiry may alleviate the necessity for a new trial. It certainly would have accomplished that purpose in the case we now return to the already overburdened trial court.
REVERSED and REMANDED for NEW TRIAL.
DOWNEY and HURLEY, JJ., concur.