PER CURIAM.
Reversed on the authority of Richardson v. State, 246 So.2d 771 (Fla.1971) and Gumbie v. State, 345 So.2d 1061 (Fla.1977).
On the third day of trial the state notified the appellant for the first time of a witness who subsequently testified in the state’s behalf about statements made by the appellant immediately after the crime in question took place. The state utilized this testimony not only to establish its case against appellant but also to negate appellant’s defense of temporary insanity. When the state initially advised appellant of the existence of the witness the prosecutor also stated that he did not then plan to have the witness testify. In open court the prosecutor stated he did not intend to call the witness during the state’s presentation of its case. Subsequently, however, the state did call the witness in its case-in-chief and the witness was allowed to testify over appellant’s objection that the state had violated the rules of criminal procedure by failing to list this witness during pretrial discovery.
The holding of Richardson has recently been succinctly explained by Judge Hersey in the case of Carroll v. State, 414 So.2d 247 (Fla. 4th DCA 1982):
We have concluded that the per se reversible error rule of Richardson v. State, supra, requires that we award appellant a new trial. We do so with great reluctance.
The proffered evidence appears to have little if any probative value. Surely the photograph of an empty truck lends absolutely nothing to appellant’s defense. The second photograph, showing a truck’s dashboard in which is a gaping hole, once the supposed repository of a radio, lends credence to appellant’s story only if supported by a string of inferences which stretch so thin as to endanger if not to destroy fundamental concepts of relevance. At best the culminating inference is cumulative. Thus, if exclusion had been based upon a rule of evidence, it is doubtful if error could have been shown and it is certain that prejudice could not have been shown. At worst, any error would have been considered harmless.
Because of the serious consequences of a violation of the Richardson rule a word about its appropriate application seems in order. Initially the rule was formulated to ensure fairness to a defendant in a case in which the state had violated a discovery rule. In a case in which the trial court refused to exclude states’ witnesses whose names had not been disclosed to the defense despite defendant’s activation of then Rule 1.220(e) of the Florida Rules of Criminal Procedure (now Rule 3.220), this Court held that refusal to impose the sanction of exclusion was not per se reversible error. However, said Judge Owen, while the matter is discretionary
[I]f ... it is brought to the attention of the trial court that the state has failed to comply with Rule 1.220(e) CrPr, the court’s discretion can be properly exercised only after the court has made an adequate inquiry into all of the surrounding circumstances. Without intending to limit the nature or scope of such inquiry, we think it would undoubtedly cover at least such questions as whether the state’s violation was inadvertent or wilful, whether the violation was trivial or substantial, and most importantly, what effect, if any, did it have upon the ability of the defendant to properly prepare for trial.
Ramirez v. State, 241 So.2d 744, 747 (Fla. 4th DCA 1970). This language was quoted with approval by the supreme court in Richardson and the rule was instituted that failure to conduct such an inquiry constituted per se reversible error.
The trial court here, contrary to the holding in Richardson, supra, failed to conduct an inquiry into the circumstances of this discovery violation to determine the potential prejudicial effect upon the appellant of allowing such a surprise witness to testify. *1239 In Cumbie the Supreme Court held that in such instances a defendant is entitled to a new trial.
Accordingly, this cause is reversed and remanded for a new trial.
ANSTEAD and HURLEY, JJ., concur.
HERSEY, J., dissents with opinion.