PER CURIAM.
We reverse the appellant’s convictions relying, as we must, on the rule that the failure to conduct a Richardson[1] inquiry into the possible prejudice resulting from failure to list a witness is per se reversible error. Cumbie v. State, 345 So.2d 1061 (Fla.1977). It is clear to us, however, that the error here was harmless and, if we were at liberty to do so, we would affirm.[2] Consequently, as we did in R.R. v. State, 476 So.2d 218, (Fla.3d DCA 1985), we certify the following question to the Supreme Court of Florida:
Is a new trial required when the trial court’s failure to conduct a Richardson inquiry is, in the opinion of the reviewing court, harmless error?
Reversed, question certified.

. Richardson v. State, 246 So.2d 771 (Fla.1971).

. The unlisted witness, Ms. Beard, was called in rebuttal by the state. Her testimony was limited essentially to an identification of Ward as the driver of the victim’s car on the day of the crimes. We fail to see the adverse impact of such testimony since Ward himself testified that he drove the victim’s car on that day. Because Ms. Beard’s testimony corroborated Ward's, the necessity and value of any possible impeachment is not only questionable, but nonexistent.