PER CURIAM.
At a trial on charges of grand theft, the defendant objected to incriminating statements attributed to him by the State’s witness on grounds that the statements had not been disclosed in pretrial discovery. The court stated, “I’ll overrule your objection at this time.”
It is not disputed that there was a violation of the discovery rules. Instead, the State makes a specious argument that the court deferred ruling on the objection and that the failure of the defendant to restate the objection at some time during the trial amounted to a waiver. We hold that the court’s qualifying language “at this time,” following a clear overruling of the objection, placed no onus on the defendant to renew his protest. The timely and specific objection, see Wilcox v. State, 367 So.2d 1020 (Fla.1979) (there is no waiver of a discovery violation where the court is apprised by a timely objection), was ruled on adversely without an investigation for possible prejudice. Richardson v. State, 246 So.2d 771 (Fla.1971), mandates reversal for failure of the trial court to conduct the inquiry for prejudice.
Since the case must be retried, we need not reach the sufficiency of the evidence question.
Reversed and remanded for a new trial.