BASKIN, Judge
(dissenting).
The trial court’s inquiry does not comport with the requirements enunciated in Richardson v. State, 246 So.2d 771 (Fla.1971). The court made no determination as to the effect of the State’s admitted failure to disclose that it had erroneously denied having in its possession a statement by J.D., in violation of Rule 8.070(a)(l)(iii), Fla. RJuv.P. State v. Hall, 509 So.2d 1093 (Fla.1987); Richardson.
In Cumbie v. State, 345 So.2d 1061 (Fla.1977), the court stated:
It is clear that the trial court’s investigation of the question of prejudice was not the full inquiry Richardson requires. No appellate court can be certain that errors of this type are harmless. A review of the cold record is not an adequate substitute for a trial judge’s determined inquiry into all aspects of the state’s breach of the rules, as Richardson indicates. Especially is this so in eases such as this, where a false response is given to a request for discovery. The mere fact that alleged statements are attributed to the petitioner cannot relieve the state of its duty to disclose; that is precisely the situation contemplated by Rule 3.220(a)(l)(iii).
The trial court erred in admitting into evidence the testimony concerning the alleged statement of the petitioner without conducting an inquiry into the question of prejudice, and this error is reversible as a matter of law.
Cumbie v. State, 345 So.2d at 1062 (footnote omitted). That mandate should have been implemented here.