WENTWORTH, Senior Judge.
Appellant challenges his conviction for aggravated assault with a firearm and attempted third degree murder with a firearm. We affirm the convictions and address appellant’s contention that the trial *466 court erred prejudicially when it failed to conduct a proper Richardson hearing.
Appellant was charged, in pertinent part, with attempted armed robbery and attempted first degree murder.
The public defender argued in his opening statement that appellant would offer an alibi defense. The state introduced testimony of various witnesses, including the alleged victim of the aggravated assault and attempted murder who recounted the incident in detail and identified appellant as the man who had approached and then shot him during the afternoon of March 16, 1990.
The state then proffered the testimony of Jacksonville Sheriffs Officer Ronald E. Smith, who testified that at the time of initial interview on April 4, 1990, the appellant had stated he was not aware of the shooting incident and could not recall his whereabouts on the critical date. The defense counsel objected that the state had violated its obligation to reveal such statements during discovery. At this point, the following colloquy took place:
MR. ANDUX (defense): It’s not in the reports.
THE COURT: What’s the prejudice to the defense, Mr. Andux?
MR. ANDUX: Judge, I have at this point made an opening argument, and I have made an opening argument—
THE COURT: You made an opening argument, and now you found out—
MR. ANDUX: I talked to the jury about an alibi, had I been told anything about this before the trial, I would perhaps reconsidered perhaps doing that.
MR. MALTZ (prosecution): Reconsidering perjury, is that what you—
MR. ANDUX: Judge, I would reconsider either putting my client on the stand or putting these people on ...
******
THE COURT: ... Either you disclosed it or you didn’t.
MR. MALTZ: Judge, I believe it was in response to discovery.
MR. ANDUX: I would like to read into the record the deposition, Page 33, of Detective Smith, ...
Question, Page 33, Line 3, “Okay, and aside from going over the rights form with Mr. Banks, and him denying knowing anything about this, did he tell you anything else?
“Answer: No.”
“Nothing at all?”
“No.
Okay, did he tell you where he may have been on that day [?]”
“No.”
And that was the extent of the questioning, and that was the extent of my discovery.
******
MR. MALTZ: It’s quite fair. Mr. An-dux asked the detective, “Did the defendant say where he was?”
And he said, “No,” and that’s where we are.
THE COURT: I’m going to do this, Mr. Maltz: At this stage I don’t find that there was a discovery violation, because I don't know that there was anything intentional. I’m not sure — it certainly seems to me that the defense may have been on notice from the nature of the statement.
But what I’ll do is this: I mean, I am mindful that the defense has apparently prepared a defense of alibi, and I realize you intend to introduce a statement to negate that, but what I will do is this, because I’m not absolutely certain about the propriety of bringing it in at this point: I will sustain the objection at this point. That does not, however, preclude the State from bringing in rebuttal in the event that the defense does exercise an alibi defense.
After the state rested, the defense used the alibi defense. Appellant’s grandmother and the appellant himself testified that on March 16, 1990, the appellant was with his grandmother at her home. The appellant also testified that he told the detective he was at his grandmother’s house during the period of the shooting, but the sheriff’s officer must have somehow forgotten this *467 revelation. Appellant then renewed a motion for acquittal and mistrial, but the motion was denied. In rebuttal, Detective Smith testified that when the appellant was initially interviewed, appellant had stated that he was unaware of his whereabouts on March 16, 1990.
The appellant’s primary contention here is that the trial court erred in admitting the detective’s testimony in rebuttal of the appellant’s statement that he was at his grandmother’s house, because such testimony should have been excluded via the court’s previous Richardson hearing. Richardson v. State, 246 So.2d 771 (Fla.1971). We find that the trial court conducted a minimally adequate Richardson hearing in order to determine whether a prejudicial discovery violation occurred, and that no discovery violation did occur.
The state has an obligation under Fla. R.Crim.P. 3.220(b)(l)(iii) to reveal certain statements in discovery. The rule states there shall be provided:
Any written or recorded statements and the substance of any oral statements made by the accused, including a copy of any statements contained in police reports or report summaries, together with the name and address of each witness to the statements.
In this case the defense interviewed Detective Smith, who answered the query, “Did he [appellant] tell you where he may have been on that day [of the incident]?” with the response “no.” The defense engaged in no further inquiry to elicit from the detective whether the appellant had furnished the detective with additional information on his whereabouts. The defense objected to the state’s introduction of Detective Smith’s testimony after the defense had argued during opening statement that it would present an alibi defense.
At this point, the trial court conducted the inquiry extracted above. A Richardson hearing requires the trial court to consider at least three factors:
(1)Whether the state’s violation was inadvertent or willful;
(2) whether the violation was trivial or substantial; and
(3) what effect, if any, the violation had upon the ability of the defendant to properly prepare for trial.
Richardson, supra, at 775; State v. Hall, 509 So.2d 1093, 1096 (Fla.1987); Cumbie v. State, 345 So.2d 1061, 1062 (Fla.1977).
While we find that the trial court made an adequate inquiry, we note that it would have been helpful if its findings on these issues had been expressly set forth for the record in a clear fashion. The transcript of the hearing indicates that the alleged failure to disclose was at the very least “not intentional.” The trial court also expressed its view that “the defense may have been on notice from the nature of the statement.” We agree with the trial court’s appraisal that the defense was implicitly on notice because a reasonable inference, from the detective’s response that the appellant did not disclose where he was on the date in question, is that the appellant had indicated he did not know his whereabouts.
The state is under no obligation to provide a verbatim transcript of such oral statements, and we are not inclined to find that the state has committed a discovery violation where the defense was obliged to indulge reasonable inferences and could have made further inquiry to determine the extent of the appellant’s disclosure. We need not, therefore, reach the issue as to whether any prejudice would accrue to the appellant in the circumstances of this case. We note, however, that from our review of the record the appellant does not appear to have been prejudiced in the preparation of his defense, because the detective’s testimony was not introduced until after the defense put forward its alibi defense, and the detective’s testimony related merely to whether the appellant recalled, during an initial interview, where he was on a particular date.
We have also reviewed appellant’s other contentions on this issue, as well as the question of whether appellant’s convictions are barred by double jeopardy, and we find these arguments to be without merit. *468 Howard v. State, 545 So.2d 352 (Fla. 1st DCA 1989).
AFFIRMED.
SMITH and MINER, JJ., concur.