ANSTEAD, Judge.
Appellant, Eric Schopp, was charged with armed burglary and grand theft. Upon trial, he was convicted of the lesser offenses of *142 burglary and petit theft. We reverse and remand for a new trial as mandated by the holdings in Richardson v. State, 246 So.2d 771 (Fla.1971) and Smith v. State, 500 So.2d 125 (Fla.1986).
Under Richardson and Smith we must reverse if we determine that the trial court permitted a previously undisclosed prosecution witness to testify without conducting an inquiry into the circumstances and the possible prejudice to the defendant. We are not permitted to determine if the erroneous omission of the inquiry and the admission of the evidence constituted harmless error.
With some trepidation, absolute fealty to the doctrine of precedent, and genuine deference and respect for the substantial policy concerns underlying the per se rule affirmed in Smith, we urge the Florida Supreme Court to review this issue as a continuing issue of great public importance. We do so for two reasons, one case specific, and the other involving a change and clarification of the law of harmless error.
In this case, we have concluded that the trial court failed to conduct a proper inquiry after the state called a witness not previously disclosed to the defense. The court ruled that no inquiry was necessary and none would be conducted because the defendant had exercised his right to a speedy trial. This was error.
However, the witness presented testimony that was not only known to the defendant, cumulative to other testimony, but concerned facts openly admitted by the defendant prior to, and at trial in testimony to the jury. In fact, defense counsel, in his opening statement to the jury, admitted that the defendant committed the offenses for which the defendant was ultimately convicted:
MR. FOSTER: Yes Judge. Eric is a young man who grew up in Port St. Lucie, he went to Port St. Lucie High, he has a father Wayne and a mother Sharon that lives there in Port St. Lucie. Now December 2, 1992, Eric did something very stupid. He entered into someone’s house, the house was not his. When he entered into the house, he removed a number of items. Among those items was a gun, the gun was in a case. You’ll learn that after leaving the house, removing the items and leaving the house, Eric left the area. He was shortly apprehended by Detective Bennett and other officers of the Port St. Lucie Police Department. Almost immediately Eric was sorry, he confessed. There is a taped confession. You are going to hear the taped confession. He also wrote a letter of apology to the victims, Mrs. Haven — Mr. and Mrs. Kaven, where he over and over again apologized for committing the crime and indicating that he was deeply sorry for doing it. And after hearing all the evidence, you are going to be able to conclude one thing. At the time Eric entered that house, he was unarmed and that he did not have a fully formed conscious intent to commit armed burglary of a dwelling. Therefore, ladies and gentlemen, there is only one verdict you can reach and that is not guilty as to armed burglary. Thank you.
As already noted, the defendant was acquitted of armed burglary. Therefore, in effect, the defendant “won” this case at the trial level. We are absolutely convinced that the admission of the testimony of the undisclosed witness and the failure to conduct a Richardson inquiry were harmless under the strict harmless error test set out in State v. DiGuilio, 491 So.2d 1129 (Fla.1986).
It is because of the supreme court’s landmark opinion in DiGuilio, adopting a very strict harmless error test, that we cautiously suggest reconsideration of the per se rule of Smith. DiGuilio receded from prior holdings that comments made at trial on a defendant’s right to remain silent were not subject to a harmless error analysis. However, DiGuilio adopted a strict harmless error test that places a heavy burden on the state and the reviewing court. Because DiGuilio involved one of the most important and fundamental constitutional rights of a defendant, and the abrogation of a per se rule like that involved herein, we believe the supreme court’s holding and analysis may also be extended to the Richardson per se rule. We recognize that DiGuilio was decided before the supreme court’s decision in Smith, although they were decided the same year and *143 there is no discussion of DiGuilio in the majority opinion in Smith.
In accordance with the above, we reverse and remand and also certify the following question as one of great public importance:
SHOULD THE PER SE RULE OF SMITH BE RECONSIDERED IN LIGHT OF THE PRINCIPLES SET OUT IN DIGUILIO?
KLEIN and STEVENSON, JJ., concur.