LAGOA, J.
The appellant, Aundra Johnson (“Johnson”), appeals his conviction and sentence for fleeing a police officer.[1] For the following reasons, we affirm.
On appeal, Johnson raises three issues. We find only one argument merits discussion. Johnson contends that the trial judge erred in instructing the jury that the *681 law did not permit Mm to read back testimony. Specifically, the trial court instructed the jury as follows:
Now let me caution you regarding the communication, if you want to ask a question regarding the facts, let me caution you that we don’t have I[sic] simultaneous transcript of these proceedings so we don’t have a transcript and any questions regarding the facts, I will tell you that you must rely upon your own recollection of the evidence.
Additionally, prior to the jury retiring to deliberate, the trial court again instructed the jury as follows:
Ladies and gentlemen and, again, if you have a question regarding the facts I cannot reopen the facts. I cannot explain the evidence to you. The normal answer that I give you is that you must rely upon your own recollection of the evidence. If you have differences of opinion you must hash them out amongst yourselves.
Florida Rule of Criminal Procedure 3.410, however, states as follows:
After the jurors have retired to consider their verdict, if they request additional instructions or to have any testimony read to them they shall be conducted into the courtroom by the officer who has them in charge and the court may give them the additional instructions or may order the testimony read to them. The instructions shall be given and the testimony read only after notice to the prosecuting attorney and to counsel for the defendant.
“Under this rule, the trial court has wide latitude in the area of the reading of testimony to the jury. In this respect, the trial court may provide a limited, or partial, readback of testimony specifically requested by the jury, as long as that testimony is not misleading.” Avila v. State, 781 So.2d 413, 415 (Fla. 4th DCA 2001) (citations omitted).
In this case, the record shows that the issue was properly preserved for appellate review as Johnson specifically objected to the trial court’s instructions to the jury. As this Court has previously held, it is error for the trial court to discourage the jury from requesting a read-back of testimony. See Davis v. State, 760 So.2d 977, 978 (Fla. 3d DCA 2000). Indeed, “[w]hile the trial court has the discretion to deny a jury’s request to read back testimony, it may not mislead the jury into thinking that a readback is prohibited.” Avila, 781 So.2d at 415.
Although the State concedes that the trial court erred in instructing the jury, the State argues that the error was harmless. Given the facts of this case, we agree that this error was harmless.[2] The evidence presented at trial was overwhelming as to the charge for which Johnson was convicted — fleeing a police officer.
A City of Miami officer, while on routine patrol in his police vehicle, overheard a BOLO that the police were involved in a chase of a blue van that had been involved in a burglary. After learning of the chase, the officer saw the blue van run through a red light at a high rate of speed. The officer proceeded to turn on the patrol car’s siren and emergency lights and began to chase the van. During the chase, the officer noticed that the tires of the van had blown out and eventually an individual, whom the officer at trial identified as Johnson, jumped out of the driver’s side of the van. After Johnson jumped out of the van, the officer exited his vehicle and proceeded on foot to chase Johnson. *682 Eventually, after a struggle, Johnson was arrested.
Accordingly, for the foregoing reasons, we affirm Johnson’s conviction and sentence.
Affirmed.
RAMIREZ, J., concurs.

. The jury found Johnson not guilty of burglary-

. While we find the instruction in this case harmless, this opinion should not be read to suggest that an erroneous procedural instruction always constitutes harmless error.