CARROLL, DONALD K., Acting Chief Judge.
The appellant was tried for and convicted of the crime of breaking and entering with intent to commit a misdemeanor and has appealed from his judgment of conviction and sentence entered by the Felony Court of Volusia County.
The basic question presented for our determination on this appeal is whether the trial court committed reversible error in admitting the testimony of police officer Galloway as to certain statements made by the appellant before he was advised of his constitutional rights.
At the trial the State’s first witness was officer Thomas C. Galloway of the Daytona Beach police department, who testified that he arrested the defendant on a charge of disorderly conduct and that he, while booking the defendant at the city jail, discovered certain items of property (cash, several sets of car keys, and a pocket knife) on the defendant’s person, which items the officer placed in the defendant’s personal property envelope. When asked by the state attorney whether the defendant made any statements with reference to any particular items, the officer answered in the affirmative, but, when asked by the said attorney what those statements were, the defense counsel interposed an objection that such matters should not go before the jury, stating that he renewed his request “that the defense be allowed to examine this witness on these proffers.” Presumably, the defense counsel had in mind his cross-examining the witness before the court in the absence of the jury. The trial court overruled the defense objection, and the examination of the officer continued on the said subject. He positively testified that he was not interrogating the defendant, and that the latter did “volunteer any information with regard to any particular item” and he told the officer about the two sets of car keys and a Ford automobile. On cross-examination, however, the officer admitted that he had not advised the defendant of his rights prior to the time the defendant made the statements about *794 the items removed from his ''person in the city jail.
In support of his contention in this appeal the appellant relies most heavily upon the recent landmark decision of the United States Supreme Court in Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966). In that case the Supreme Court established, or re-affirmed the rule that a defendant in custody may not be interrogated by law enforcement officers unless he has been advised of his rights— that he may remain silent, that anything he says may be used against him, and that he has the right to counsel, who must be present before the defendant says anything. In that decision, however, the Supreme Court clearly pointed out the limitations of the said rule — that all statements obtained through interrogation are not inadmissible and that the fundamental import of the privilege while an individual is in custody is not “whether he is allowed to talk to the police without the benefit of warnings and counsel, but whether he can be interrogated.” These limitations were thus expressed in the Supreme Court’s opinion:
“In dealing with statements obtained through interrogation, we do not purport to find all confessions inadmissible. Confessions remain a proper element in law enforcement. Any statement given freely and voluntarily without any compelling influences is, of course, admissible in evidence. The fundamental import of the privilege while an individual is in custody is not whether he is allowed to talk to the police without the benefit of warnings and counsel, but whether he can be interrogated. There is no requirement that police stop a person who enters a police station and states that he wishes to confess to a crime, or a person who calls the police to offer a confession or any other statement he desires to make. Volunteered statements of any kind are not barred by the Fifth Amendment and their admissibility is not affected by our holding today.”
Subsequent to the Miranda decision, the federal and state courts have generally considered that the rule in Miranda does not apply when a defendant’s statements are not made during an interrogation by law enforcement officers.
In United States v. Cone, 354 F.2d 119 (1965), the United States Circuit Court of Appeals for the Second Circuit held that a defendant’s voluntary statement made to a customs agent after arrest and while awaiting a government automobile was properly admitted at the trial notwithstanding that at the time the statement was made, the defendant had not been advised of his right to remain silent, his right to counsel or that what he might say could be used against him.
Similarly, in the case of People v. Torres, 21 N.Y.2d 49, 286 N.Y.S.2d 264, 233 N.E.2d 282 (1967), the New York Court of Appeals held that a defendant’s inculpatory remark to a police officer disclosing the whereabouts of contraband was properly admitted in evidence even though made before the police officer had informed the defendant of his Miranda rights and before he had asked any questions of the defendant. The New York Court of Appeals then said:
“Absent interrogation, post-Miranda decisions have consistently held that voluntary or ‘spontaneous’ statements made by suspects who were plainly in custody are admissible.”
In the case at bar the testimony was un-contradicted that the appellant’s statements, which were the subject of his objection at the trial, were not made during an interrogation, and the defendant made no proffer of evidence to the contrary, and so there was no basis for the trial court to consider that the defendant’s statements were made in violation of his constitutional rights as recognized in the Miranda case, supra, or in the other authorities. Accordingly, we are *795 of the view that the trial court did not commit reversible or prejudicial error in ruling as it did.
Therefore, the judgment appealed from herein must be and it is
Affirmed.
RAWLS and JOHNSON, JJ., concur.