382 So.2d 395 (1980)
John BREY, Appellant,
v.
STATE of Florida, Appellee.
No. 78-2727.
District Court of Appeal of Florida, Fourth District.
April 9, 1980.
*396 Richard L. Jorandby, Public Defender, and Tatjana Ostapoff, Asst. Public Defender, West Palm Beach, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and John D. Cecilian, Asst. Atty. Gen., West Palm Beach, for appellee.
ANSTEAD, Judge.
This appeal by the defendant is from a judgment and sentence adjudicating him guilty of auto theft and sentencing him to five years imprisonment. The defendant claims reversible error in the admission at trial of oral statements made by him which were not previously disclosed by the state in its response to his demand for discovery.
At trial evidence was introduced which tended to show that defendant had possession of a stolen motor vehicle which had been painted over and which was discovered in his garage. Neighbors of the defendant testified to overhearing a loud domestic quarrel emanating from the home of the defendant and his wife, during which defendant was overheard stating that he had a stolen vehicle in his garage and didn't care who knew it. Both neighbors had seen the car in its original condition and again after it had been painted over.
The neighbors called the police and complained of the disturbance created by the domestic quarrel. A police officer was dispatched to defendant's home and questioned the defendant. No Miranda[1] warnings were given, the officer indicating that defendant was not then suspected of any criminal offense. At trial, over defendant's objection, the police officer testified that defendant denied the alleged admissions overheard by his neighbors concerning the stolen vehicle and also refused to allow a search of his garage to determine whether there was a stolen vehicle inside. The existence of defendant's statements to the police officer was not disclosed in the state's answer to defendant's demand for discovery. Defendant contends that the trial court erred in admitting the oral statements made by him without conducting a Richardson[2] inquiry into the state's discovery violation.
In addition to the above evidence, further testimony established that the police returned the following day, secured permission to search the garage from defendant's mother-in-law, the owner of the house, and discovered the stolen vehicle.
At trial, when the police officer was called as a prosecution witness, the following discussion ensued:
MR. CARLSON: Judge, the first thing I would like to say is that on the State's Answer to Discovery, it indicates that there are written, recorded and/or oral statements of the Defendant, oral statements witnessed by Daniel and Annette Morgan and Charles and Dorothy Flaer. This comes as a surprise to me that there are any oral statements made to this witness.
I would also object to the introduction of any statements. I do not think it is proper because to begin with, it is hearsay *397 evidence; that it is not an admission of any kind; that while it contains certain exculpatory statements, I think the jury would get a very bad view of it; it also makes reference to belligerent attitude. The statements are in response to a complaint and also in response to a report of a stolen vehicle, and I think that any time a Defendant is questioned by this sort of thing, that he has a right to be advised that he does not have to answer statements, in view of a police interrogation. I think this is awfully important in this case, because here these statements are intended to be used against him at trial. That is what the State is trying to introduce at this time. This is doubled by the fact that the defense was not even informed of such statements.
THE COURT: Were you given Officer Harrell's name?
MR. CARLSON: That is correct, Judge.
THE COURT: You were given her name?
MR. CARLSON: That is correct, Judge.
THE COURT: What do you have to say about it, Mr. Springer?
MR. SPRINGER: First of all, Judge, my understanding of the statement part of the discovery rule is that they are not talking about res gestae statements and what I mean by res gestae in this case is, these are statements that occurred at the time that the charge was 
THE COURT: You are responding to the hearsay objection. I am not concerned about that.
MR. SPRINGER: All right; but Miranda?

THE COURT: Yes.
MR. SPRINGER: Miranda, I can cite some cases on. Brown v. State, which is reported at 222 So.2d 793 [Fla.App.] 1969, and Rosher v. State, 319 So.2d 150 [Fla. App.] 1975.
I will show these to the Court. Where testimony is not a part of in-custody, custodial interrogation, and where they are spontaneous, that statements which are not in response to in-custody interrogation Miranda is not required to be read and the Miranda case itself talked about in-custody interrogation.
We do not have an in-custody and we do not have interrogation. All we have is somebody just asking some questions that she said she did not consider this man a suspect in a crime at that point.
MR. CARLSON: Judge, I think in view of the fact that these statements were not on his Answer to Discovery, I would like a few minutes to research this law, myself, and give some counter-evidence.
THE COURT: Did you take her deposition?
MR. CARLSON: No, sir, I did not personally.
THE COURT: Did somebody in your office take her deposition?
MR. CARLSON: Were you deposed by my office?
THE WITNESS: No, I was not.
THE COURT: You did have her name?
MR. CARLSON: It was on the Answer to Discovery, Judge; but these oral statements are pretty important and I feel that we can respond to this along this line of argument.
I need time to get the cases together. Had Mr. Brey said, "Yes, there is a stolen car in the garage and I stole it," then he would have certainly been arrested at that time; but there was an investigation being made. There was also an investigation being made on the disturbance, itself.
THE COURT: Your objection before the Court will be overruled.
Defense counsel was then allowed to proffer a cross examination of Officer Harrell in an attempt to establish a possible Miranda violation. At the conclusion of the proffer, defense counsel renewed his request to have the "res gestae" statements excluded for lack of compliance with the rules of discovery and noted that, at the very least, the court should make "some sort of inquiry as to what the prosecution was about when this was accomplished." The court denied the objection and the officer was allowed to testify.
*398 Under the Florida Rules of Criminal Procedure, the state is required to disclose all known oral or written statements along with the identity of any persons witnessing such statement. Fla.R.Crim.P. 3.220 (a)(1)(iii). Compliance with the rules requires more than the mere inclusion of such a person's name in a list of witnesses who may have information about the crime. Boynton v. State, 378 So.2d 1309 (Fla. 1st DCA 1978); Lavigne v. State, 349 So.2d 178 (Fla. 1st DCA 1977).
Upon objection by the defendant, the burden is on the state to initially demonstrate that previously undisclosed evidence can be admitted without prejudicing the fair trial rights of the defendant. Lavigne v. State, supra. In Cumbie v. State, 345 So.2d 1061 (Fla. 1977) the Supreme Court stated:
In Richardson we held that a violation of the Rules of Criminal Procedure by the state would require an appellate court to reverse a conviction unless the trial court made an inquiry into all the circumstances surrounding the breach, with the state having the burden of showing to the trial court that there was no prejudice to the defendant. Id. at 1062.
In Richardson v. State, 246 So.2d 771 (Fla. 1971) the Supreme Court held that the trial court must, before allowing the admission of such evidence, conduct a hearing and specifically determine:
1. whether the state's violation of the criminal rules of discovery was willful or inadvertent;
2. whether the violation was trivial or substantial;
3. whether the violation has prejudiced the ability of the defendant to properly prepare for trial.
Although the trial court has broad discretion in determining whether the evidence should be admitted, such discretion cannot be properly exercised in the absence of an adequate inquiry into the surrounding circumstances of the discovery violation. In addition to the three items set out above such an inquiry should also determine whether there are reasonable means available to avoid prejudice to the defendant and what sanctions, if any, including the possible exclusion of the evidence, should be imposed as a result of the violation. Cooper v. State, 377 So.2d 1153 (Fla. 1979); Wilcox v. State, 367 So.2d 1020 (Fla. 1979); Cumbie v. State, supra.
In the case at hand we do not believe a proper inquiry was conducted by the trial court. Richardson v. State, supra. The inquiry here focused on the legal admissibility of the evidence and the fact that the name of the police officer had been contained in the state's list of witnesses. Such listing did not satisfy the requirements of the rules. Lavigne v. State, supra. What inquiry there was indicated that the state intentionally failed to disclose the statements in the mistaken belief that there was a "res gestae" exception, and there was no inquiry as to the prejudicial effect of the violation on defendant's preparation for trial.
In our view the state should be required to demonstrate to the trial court, considering the factors outlined above, that the evidence can be admitted without substantial adverse effects on the rights of the defendant. In some cases, for instance, where the trial court finds the violation inadvertent and trivial it may be easy to demonstrate a lack of prejudice. In other cases, where the violation is willful and substantial, a contrary result will probably be indicated. The facts will control the results, but a fair result cannot be reached if there is no inquiry into the circumstances of the violation.
Our review of the record reveals the existence of overwhelming evidence against the defendant. Not only did the same neighbors who heard defendant's incriminating statements testify about such statements and about his possession of the stolen vehicle, but as noted, supra, the evidence showed that the vehicle was found in defendant's garage. In the face of such evidence we might well conclude that the receipt of the police officer's testimony constituted harmless error. However, in Cumbie *399 v. State, supra, the Supreme Court has cautioned against this practice:
It is clear that the trial court's investigation of the question of prejudice was not the full inquiry Richardson requires. No appellate court can be certain that errors of this type are harmless. A review of the cold record is not an adequate substitute for a trial judge's determined inquiry into all aspects of the state's breach of the rules, as Richardson indicates. Id. at 1062.
Hence, the Supreme Court has in effect held that the harmless error rule cannot be applied to Richardson errors and that such errors are reversible as a matter of law. See Lavigne v. State, supra, especially the special concurrence of Boyer, J.
Accordingly, it is our conclusion that the trial court committed reversible error in failing to make the inquiry and findings required by Richardson v. State, supra. For that reason, the judgment and sentence are hereby reversed and this cause is remanded for a new trial.
DOWNEY, C.J., and MOORE, J., concur.
NOTES
[1] Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).
[2] Richardson v. State, 246 So.2d 771 (Fla. 1971).