FRANK, Judge.
The appellant, Alice Scott, was convicted of dealing in stolen property. She has raised three points on appeal, one of which merits reversal and remand for a new trial.
The appellant was tried by a jury on March 12, 1987. The state called its key prosecution witness, Detective Burton, who testified generally concerning his investigation into the alleged theft by the appellant of her aunt’s boat motor. He was excused and the court recessed. At that point, Detective Burton asked the prosecution why they failed to inquire about certain post-Miranda statements made by the appellant; the substance of which amounted to admissions by the appellant that she had stolen the motor. Following-the recess, the state informed the court that it wished to recall Detective Burton and question him about the statements. Over defense counsel’s objection, the trial court permitted the state to recall Detective Burton who proceeded to testify that the appellant admitted that she and her brother had taken the motor.
Florida Rule of Criminal Procedure 3.220(b)(l)(iii) requires the prosecutor to disclose, within 15 days after written demand by the defendant: “Any written or recorded statements and the substance of any oral statements made by the accused, including a copy of any statements contained in police reports or report summaries, together with the name and address of each witness to the statements.”
The prosecutor failed to disclose certain post-Mremda-warning admissions uttered by Scott. See Brey v. State, 382 So.2d 395 (Fla. 4th DCA 1980). The trial court’s failure to conduct an inquiry, pursuant to Richardson v. State, 246 So.2d 771 (Fla.1971), into the alleged discovery violation is per se reversible error. Lee v. State, 538 So.2d 63 (Fla. 2d DCA 1989). Our resolution of this issue dispenses with the need to discuss the remaining points on appeal.
This matter is, therefore, reversed and remanded for a new trial.
CAMPBELL, C.J., and SCHOONOVER, J., concur.