POLEN, Judge.
Appellant was convicted of trafficking in cocaine and felony murder, and sentenced to seventeen (17) years imprisonment. Appellant argues that the trial court erred in: 1) instructing the jury on “willful blindness”; and 2) denying his motion for judgment of acquittal. While it was error for the trial court to instruct the jury on “willful blindness” in the instant case, we believe the error was harmless beyond a reasonable doubt. We do not address appellant’s second point on appeal, as it is without merit. We therefore affirm the conviction and sentence.
*1047 Appellant was arrested by West Palm Beach police officers following a sting drug transaction. The drug deal was arranged through a confidential informant who accompanied an undercover officer, Clithia Jones, to appellant’s house on February 10, 1989. Jones, posing as a drug buyer, told appellant she was interested in purchasing a “key”. Although appellant never used the word “cocaine” during their conversation, Officer Jones understood that appellant did not have cocaine available to sell immediately, but that it would arrive later that day. Jones and the informant left appellant’s residence, and returned on February 13, 1989, to make the drug buy.
Jones and the informant sat in an unmarked police vehicle in front of appellant’s residence and spoke to him briefly. A second vehicle pulled up behind the police vehicle. A female got out of this vehicle and went into appellant’s residence, and a male, Luistal Saint Clair, went into appellant’s garage carrying a black plastic bag. Saint Clair was accompanied by Jones, the informant, and appellant. The four stood in a small utility room within the garage, which contained only a washing machine. Saint Clair placed the plastic bag on the washing machine and presented two packages of cocaine, asking Jones to choose which one she wanted. At this point, appellant stood next to Officer Jones, within arms reach of the cocaine, and with a clear view of the cocaine. After Jones made her choice, Saint Clair instructed appellant to accompany Jones to her vehicle to count the money. Appellant was arrested while sitting in the passenger side of Jones’ vehicle, counting the money given to him by Jones. Saint Clair was killed in an exchange of gunfire while fleeing from the scene.
Jones was wearing a transmitting device, and the tapes of her conversations with appellant were admitted into evidence. Appellant’s theory of defense at trial as stated by his counsel during opening and closing arguments was that appellant did not know that a drug transaction was taking place: “[h]e was just there.” Defense counsel’s cross-examination of Jones adduced admissions that appellant had never used the word cocaine, had never said he had a reliable source for cocaine, and had never touched the drug packages. Appellant did not testify.
The state requested a Jewell[1] instruction encompassing the doctrine of “willful blindness.” This request was granted, and the jury was instructed that it could find appellant knew the substance involved was cocaine, if the jury found from all the evidence that the defendant was aware of a high probability that the transaction involved cocaine and deliberately closed his eyes to what would otherwise have been obvious to him, or acted with a conscious purpose to avoid finding out the identity of the substance involved in the transaction.
A Jewell instruction is generally authorized in federal court prosecutions for trafficking in controlled substances, and this court has approved the giving of such an instruction under certain limited circumstances. Andrews v. State, 536 So.2d 1108, 1109 (Fla. 4th DCA 1988), rev. denied, 544 So.2d 200 (Fla.1989). A Jewell instruction “should not be given in every case in which a defendant claims a lack of knowledge, ‘but only in those comparatively rare cases where ... there are facts that point in the direction of deliberate ignorance.’ ” United States v. Rivera, 944 F.2d 1563, 1570 (11th Cir.1991) (quoting United States v. Murrieta-Bejarano, 552 F.2d 1323, 1325 (9th Cir.1977)).
The instruction should not be given unless evidence is admitted supporting the inference that the defendant “purposely contrived to avoid learning all of the facts in order to have a defense in the event of a subsequent prosecution.” United States v. Alvarado, 838 F.2d 311, 314 (9th Cir.1987), cert. denied, 487 U.S. 1222, 108 S.Ct. 2880, 101 L.Ed.2d 915 (1988), and cert. denied sub nom. Oqueli-Hemandez v. United States, 488 U.S. 838, 109 S.Ct. 103, 102 L.Ed.2d 778 (1988). Further, a Jewell in *1048 struction should not be given when the evidence admitted at trial is “consistent only with a theory supporting the defendants’ actual knowledge, rather than conscious avoidance on their part.” Rivera, 944 F.2d at 1572.
In the instant case, no evidence was admitted that appellant contrived to avoid learning all of the facts or willfully blinded himself to the existence of the cocaine in order to have a defense to a prosecution. To the contrary, appellant stood in a small utility room of his house within arms-reach of two packages of cocaine that were in his plain view, later following Jones to her vehicle in order to retrieve payment for the drug. While appellant’s counsel attempted to paint the picture of appellant as an “innocent bystander,” no evidence was admitted to support counsel’s statéments to this effect made during opening and closing arguments. The evidence in this case supported the theory that appellant had actual knowledge that he was participating in a cocaine sale. Under these circumstances, it was error to instruct the jury on the doctrine of willful blindness.
We believe, however, that the error in giving a willful blindness instruction in this case was harmless beyond a reasonable doubt, because there is no reasonable possibility that the error affected the verdict. State v. DiGuilio, 491 So.2d 1129, 1139 (Fla.1986). The jury was instructed that it could convict appellant based on a theory of actual knowledge that the substance involved was cocaine. Given the facts of this case, the jury could only find that appellant either had actual or no knowledge that the substance was cocaine, “there is no evidence suggesting a middle ground of conscious avoidance.” Rivera, 944 F.2d at 1572. Therefore, there is no reasonable possibility that an instruction on willful blindness or conscious avoidance affected this verdict. Id.
AFFIRMED.
LETTS and DELL, JJ., concur.

. United States v. Jewell, 532 F.2d 697 (9th Cir.), cert. denied, 426 U.S. 951, 96 S.Ct. 3173, 49 L.Ed.2d 1188 (1976).