PER CURIAM.
The issue in this case is whether a discovery violation prevented appellant from receiving a fair trial. The violation arose out of the prosecutor’s failure to disclose an oral statement given to a police officer two days after the criminal incident. The statement was made by Chris Coffin, who was the appellant’s only witness. His testimony on direct examination tended to vindicate appellant. However, the state in rebuttal offered the testimony of the police officer to whom Coffin had given the oral statement. The police officer had reduced the substance of Coffin’s statement to writing in an amended or supplemental Probable Cause Affidavit. Neither the content of Coffin’s statement nor the affidavit was disclosed to the defense. Coffin’s trial testimony was seriously impeached by his prior inconsistent statement, and thus appellant’s defense was substantially undermined.
We reject the theory that the prosecution was grossly negligent in falling to advise the defense of the matter in question. A careful reading of the record supports the conclusion that the violation probably resulted from a series of unfortunate and coincidental occurrences. The violation was clearly inadvertent and, because there was an adequate Richardson inquiry, would require reversal only if appellant suffered prejudice.
In Brey v. State, 382 So.2d 395 (Fla. 4th DCA 1980), this court required that the burden to show that the evidence may be admitted without prejudice to the defendant rests with the state. We said in that case:
In our view the state should be required to demonstrate to the trial court, considering the factors outlined above, that the evidence ean be admitted without substantial adverse effects on the rights of the defendant. In some cases, for instance, where the trial court finds the violation inadvertent and trivial it may be easy to demonstrate a lack of prejudice. In other cases, where the violation is willful and substantial, a contrary result will probably be indicated. The facts will control the results, but a fair result cannot be reached *1331 if there is no inquiry into the circumstances of the violation.
Id. at 398. Had the statement of Coffin, made pretrial, been disclosed to appellant, it is obvious that either she would not have called him as a witness or at the very least she would have been prepared for the impeachment. We therefore find that appellant’s rights were substantially adversely affected by the admission of this testimony. Under these circumstances the trial court should have granted a mistrial. Failure to do so was error that cannot meet the DiGui-lio test for harmlessness. State v. DiGuilio, 491 So.2d 1129 (Fla.1986).
Our disposition of this issue renders moot the remaining issues on appeal.
We reverse and remand for a new trial.
REVERSED AND REMANDED.
HERSEY and PARIENTE, JJ., and WALDEN, JAMES H„ Senior Judge, concur.