633 So.2d 1116 (1994)
Richard HALLMAN, Appellant,
v.
The STATE of Florida, Appellee.
No. 93-648.
District Court of Appeal of Florida, Third District.
February 22, 1994.
Rehearing Denied April 12, 1994.
*1117 H.T. Smith and Charlene Honig, Miami, for appellant.
Robert A. Butterworth, Atty. Gen. and Randall Sutton, Asst. Atty. Gen., for appellee.
Before COPE, GERSTEN and GODERICH, JJ.
PER CURIAM.
The defendant, Richard Hallman, appeals his convictions for trafficking in cocaine and conspiracy to traffic in cocaine. We affirm.
While outside a restaurant, the police observed Mr. and Mrs. Jaramillo get a red and white shopping bag. The police believed the bag contained cocaine or proceeds from a drug transaction. The police followed the Jaramillos. A uniformed police officer stopped the Jaramillos' car for a traffic violation. The officer observed Mrs. Jaramillo in the back seat with an open briefcase under her legs. The officer could see that the briefcase contained cocaine. The officer requested and received consent to search the vehicle. A police dog signaled the presence of drugs in the car. The car was searched and the briefcase was found to contain three kilograms of cocaine.
After their arrest, the Jaramillos told the police that the cocaine was to be delivered to Tony. The Jaramillos agreed to cooperate with the police in an attempt to make a controlled delivery of the cocaine to Tony. The police checked Tony's number and determined that it belonged to the defendant. Following police instructions, Mrs. Jaramillo advised the defendant that Mr. Jaramillo's car had broken down at the 7-Eleven store and requested that the defendant meet him there. The defendant arrived at the 7-Eleven, had a brief conversation with Mr. Jaramillo, and returned to his car. Mr. Jaramillo placed a shopping bag on the passenger's side of the defendant's car and walked away. Then, the police immediately arrested the defendant.
The defendant was charged by information with two counts of trafficking in cocaine (counts I and II), one count of conspiracy to traffic in cocaine (count III), and one count of use or possession of drug paraphernalia (count IV). The defendant was tried on and found guilty of counts II and III. He was sentenced to concurrent fifteen year sentences. The defendant appeals.
The defendant first contends that the trial court erred in giving the jury a "willful blindness," "deliberate ignorance," or "conscious avoidance" instruction. We agree.
The willful blindness doctrine is "that if a party has his suspicion aroused but then deliberately omits to make further inquiries, because he wishes to remain in ignorance, he is deemed to have knowledge." United States v. Jewell, 532 F.2d 697, 700 (9th Cir.) (en banc) (citing G. Williams, Criminal Law: The General Part § 57 at 157 (2d Ed. 1961)), cert. denied, 426 U.S. 951, 96 S.Ct. 3173, 49 L.Ed.2d 1188 (1976). This instruction should only be used in those rare circumstances where the facts point in the direction of deliberate ignorance. United States v. Murrieta-Bejarano, 552 F.2d 1323, 1325 (9th Cir.1977); Desilien v. State, 595 So.2d 1046 *1118 (Fla. 4th DCA 1992). Further, this instruction "should not be given when the evidence admitted at trial is `consistent only with a theory supporting the defendants' actual knowledge, rather than conscious avoidance on their part.'" Desilien, 595 So.2d at 1048 (quoting United States v. Rivera, 944 F.2d 1563 (11th Cir.1991)).
In the instant case, the evidence supported the theory that the defendant had actual knowledge that he was participating in a cocaine sale. Under these circumstances, it was error to instruct the jury on the doctrine of willful blindness. However, the error in giving the willful blindness instruction was harmless because there is no reasonable possibility that the error affected the verdict. State v. DiGuilio, 491 So.2d 1129, 1139 (Fla. 1986); Desilien, 595 So.2d at 1048. Based on the facts of this case, "the jury could only find that [the defendant] either had actual or no knowledge that the substance was cocaine, `there is no evidence suggesting a middle ground of conscious avoidance.'" Desilien, 595 So.2d at 1048 (quoting United States v. Rivera, 944 F.2d 1563 (11th Cir.1991)).
The defendant next contends that the trial court should have granted his motion for mistrial because the prosecutor's closing argument deprived him of a fair trial. We disagree.
A motion for mistrial is addressed to the sound discretion of the trial judge and should only be granted in cases of absolute necessity. Salvatore v. State, 366 So.2d 745 (Fla. 1978), cert. denied, 444 U.S. 885, 100 S.Ct. 177, 62 L.Ed.2d 115 (1979). Moreover, a mistrial should be granted only in circumstances where "the error committed was so prejudicial as to vitiate the entire trial." Duest v. State, 462 So.2d 446, 448 (Fla. 1985).
In the instant case, there was no absolute necessity to declare a mistrial. The closing argument was not so prejudicial as to vitiate the entire trial.
The defendant also contends that the trial court erred in denying the defendant's request for a judgment of acquittal where the state failed to prove that the defendant conspired with anyone other than the Jaramillos who were government agents. We disagree.
We find that this case is controlled by Isom v. State, 619 So.2d 369 (Fla. 3d DCA 1993), rev. denied, 630 So.2d 1099 (Fla. 1993), not by King v. State, 104 So.2d 730 (Fla. 1958) (Defendant cannot be convicted of conspiracy because he failed to conspire with anyone other than a government agent.). In Isom, this court held that where no essential element of the offense conspired was to be performed solely by the government agent, the defendant was not entitled to instruction that he could not be guilty of conspiracy. 619 So.2d at 373.
In the instant case, the conspired offense was trafficking in cocaine. Under section 893.135(1)(b)1, Florida Statutes (1991), the offense is complete once the defendant is "knowingly in actual or constructive possession of" the cocaine. The defendant was convicted of trafficking in cocaine. Thus, there was no element of the offense which was to be performed solely by the Jaramillos. See Isom, 619 So.2d at 373; Cristodero v. State, 426 So.2d 977 (Fla. 4th DCA 1982) (Fact that government agent was source of contraband does not mean agents alone were to commit essential element of crime.), rev. denied sub nom. O'Donnell v. State, 436 So.2d 100 (Fla. 1983).
Finally, the defendant contends that the trial court deprived the defendant of his right of confrontation when it precluded him from fully cross-examining the state's police witness regarding the document he was reading while testifying. We disagree.
The record shows that the defendant was not denied the opportunity to cross-examine Detective Green regarding his outline. Although the actual document is not in the record, we find that defense counsel had ample opportunity to inquire as to the contents of the document and to discover that the document was a summary of the witness's previous testimony.
In summary, we affirm the defendant's convictions.
GERSTEN and GODERICH, JJ., concur.
*1119 COPE, Judge (specially concurring).
I concur. As to the final point on appeal, the defendant's request to introduce the document into evidence should have been handled in accordance with the Evidence Code, section 90.613, Florida Statutes (1991). The point on appeal, however, is directed to cross-examination, which was not unduly restricted; defense counsel was given the document and allowed to cross-examine on it. The omission of the relevant portion of the document from the record was error, id., but harmless in light of the trial court's on-the-record description of it and in light of the cross-examination based on it.