HAZOURI, J.
Daniel Salomon appeals his conviction of first degree felony murder, burglary with a battery, and two counts of robbery. In challenging these ' convictions Salomon raises three issues: 1) the trial court abused its discretion in denying Salomon’s pretrial motion for continuance; 2) the trial court abused its discretion in admitting evidence of Salomon’s prior convictions; *1186 and 3) the trial court committed error in overruling Salomon’s objections to the state’s special jury instruction on willful blindness that he contends negated his defense at trial. The facts of the crimes of which Salomon was convicted are outlined in detail- in this court’s opinion of Lopez v. State, 97 So.3d 301 (Fla. 4th DCA 2012). We affirm on all points raised but address only point three.
As noted in that prior opinion, Salomon was the driver of a “getaway car.” As the burglary and robbery were taking place, Salomon heard shots fired and instead of waiting for his co-perpetrators to return to the vehicle he left the scene and was later apprehended. At the close of the evidence and prior to final argument, Salomon requested jury instructions on the defenses of independent act and abandonment, which the trial court granted. The state then requested in response a jury instruction on willful blindness to balance it out. The trial court agreed. The defense objected. The independent act and abandonment instructions read as follows:
If you find that the crime alleged was committed, an issue in this case is whether the crimes of first degree felony murder, robbery with a deadly weapon, and burglary of a dwelling with an assault or battery were an independent act of a person other than the defendant. An independent act occurs when the person other than the defendant commits or attempts to commit a crime, One, which the defendant did not intend to occur, and Two, in which the defendant did not participate, and Three, which was outside of and not a reason-, ably foreseeable consequence of the common design or unlawful act contemplated by the defendant.
If you find the defendant was not present when the crimes of first degree felony murder, robbery with a deadly weapon, and burglary of a dwelling with an assault or battery occurred, that in and of itself does not establish that the crimes were an independent act of another.
If you find the crimes of first degree felony murder, robbery with a deadly weapon, and burglary of a dwelling with an assault or battery were an independent act of Brad Boswell, Hugo Lopez Martinez or both, you should find Daniel Salomon not guilty of the crimes charged.
Now abandonment is a defense to the crime charged. Abandonment occurs under circumstances that indicate a complete and voluntary renunciation of Daniel Salomon’s criminal purpose. The defense of abandonment does not apply under the following two circumstances. Number one, if Daniel Salomon failed because of unanticipated difficulties in carrying out the criminal plan at the precise time and place intended, and then decides not to pursue the victim under these less advantageous circumstances, or
Number two, Daniel Salomon withdrew his involvement in these crimes because of a belief that the intended victim has become aware of his plans, or because he thinks that his scheme has been discovered, or would be thwarted by police observed in the area of the intended crime.
The following willful blindness instruction was read immediately thereafter:
Now if you find from all the evidence that the defendant had his suspicions aroused but then deliberated [sic] omits to make further inquiries because he wishes to remain in ignorance, he is deemed to have knowledge.
Salomon argues that the willful blindness instruction given in this murder case provided the state with an improper method to prove knowledge on Salomon’s part that the crimes were going to take place. *1187 He also submits that this doctrine is applicable only to theft and drug cases and does not apply to first degree felony murder prosecutions.
“The willful blindness doctrine is ‘that if a party has his suspicion aroused but then deliberately omits to make further inquiries, because he wishes to remain in ignorance, he is deemed to have knowledge.’ ” Hallman v. State, 633 So.2d 1116, 1117 (Fla. 3d DCA 1994) (quoting United States v. Jewell, 532 F.2d 697, 700 (9th Cir.1976), cert. denied, 426 U.S. 951, 96 S.Ct. 3173, 49 L.Ed.2d 1188 (1976)).
In Desilien v. State, 595 So.2d 1046 (Fla. 4th DCA 1992), this court held:
A Jewell instruction “should not be given in every case in which a defendant claims a lack of knowledge, ‘but only in those comparatively rare cases where ... there are facts that point in the direction of deliberate ignorance.’ ”
The instruction should not be given unless evidence is admitted supporting the inference that the defendant “purposely contrived to avoid learning all of the facts in order to have a defense in the event of a subsequent prosecution.” Further, a Jewell instruction should not be given when the evidence admitted at trial is “consistent only with a theory supporting the defendants’ actual knowledge, rather than conscious avoidance on their part.”
Id. at 1047-48 (citations omitted).
As to the propriety of giving the willful blindness instruction in this case, the trial court appears to have abused its discretion. There does not appear to be any evidence of Salomon’s conscious avoidance of learning the truth of what Boswell and Lopez were going to do when Salomon agreed to drive them to Dewberry Gardens.[1] The evidence, however, supports the theory that Salomon had actual knowledge that he was participating in a robbery with a firearm.
Salomon argues that the willful blindness instruction cancelled out his defense of independent act. However, the evidence itself indicates this was not an independent act. In Ray v. State, 755 So.2d 604 (Fla.2000), the supreme court stated:
The “independent act” doctrine arises when one cofelon, who previously participated in a common plan, does not participate in acts committed by his cofelon, “which fall outside of, and are foreign to, the common design of the original collaboration.” Under these limited circumstances, a defendant whose cofelon exceeds the scope of the original plan is exonerated from any punishment imposed as a result of the independent act.
Id. at 609 (citations omitted).
Under the facts of this case, the only possible “independent act” that fell outside of the original plan was the theft of the victim’s vehicle which occurred because Salomon left with the cofelons’ transportation away from the robbery. Salomon was not charged with that grand theft. The shooting of the victim was contemplated in the robbery plan because Boswell and Lopez carried a gun with them that Salomon saw and for which he provided bullets.
Although the trial court abused its discretion in giving the willful blindness instruction, we find it harmless because the evidence showed Salomon had actual knowledge of what was going to happen and he assisted Boswell and Lopez in their actions.

Affirmed.

WARNER and CIKLIN, JJ., concur.

. The housing development where the victims resided.