MAY, J.
The defendant appeals his conviction and sentence for trafficking 200 to 400 grams of cocaine and two misdemeanor offenses. He argues the trial court’s instruction on willful blindness violated his right to a fair trial and due process, and the trial court erred in denying his motion for judgment of acquittal. We find merit in his argument concerning the willful blindness instruction and reverse.
The facts are detailed in the co-defendant’s case, Dix v. State, 196 So.3d 547 (Fla. 4th DCA 2016). In short, law enforcement had been surveilling the residence of a target who was under investigation. Officers witnessed the defendant and co-defendant enter the residence and return to their vehicle. The defendant was. carrying a backpack.
Law enforcement stopped- their vehicle for a traffic -infraction. Inside the vehicle, law enforcement found the backpack on the floorboard where the defendant' had been seated as the passenger. The backpack contained a large amount of cocaine. No one weighed the cocaine at the scene, but'the DEA agent estimated the amount based on his observation. He testified that he may have said something to the defendant and/or co-defendant about its weight.
The defendant and co-defendant were placed in the back of a police vehicle driven by a transport officer. A taped video conversation made in the transport vehicle was introduced into evidence over objection. The following exchange took place in the transport vehicle..
Co-Defendant: Right. We didn’t do anything wrong. We will be alright.
Co-Defendant: He told you what they found in the bag, right?
Defendant: No. ■
Co-Defendant: How much_
Defendant: No, they didn’t tell me anything. ...
Co-Defendant: . 200 something pieces of coke.
Defendant: Are you serious?
Co-Defendant: A ... quarter key of...,
Defendant: Holy s — t.
Co-Defendant: They want somebody to take a ... hit for it ... It ain’t my st — I was told to move s~t, that’s it.
Defendant: 200 ... grams?
Co-Defendant: Something like that.
Defendant: [W]e’re ... and it’s in your truck.
Co-Defendant: It’s in my truck, yeah.
The defendant stated that while the police kept pressing him to tell the truth, he could not answer them because he did not know anything. The State charged both the co-defendant and 'the defendant with trafficking, possession of other drugs, and related misdemeanors.
At trial, the State introduced jail calls of both the defendant and co-defendant. During the defendant’s call to his father, he stated:
I get a phone call from his girlfriend telling me to go to the house to get everything, something’s.up. I go to the house. And I grabbed a few bags they tell me to grab. I don’t know what’s in them. Put them into the truck. We go to the storage unit. One of the storage units in my name. Make a. long story short, the undercover — they go straight for me and then they find out what’s in the bag.... And then I find out what’s *907 in the bag. And then now, I’m getting hit with all these charges.
On a call to his brother, the defendant explained that “they came to the house looking for everything. And I had just left the house.” The defendant explained that the target’s girlfriend told him that everybody was contained at the house, which was being raided. She told him to “get the rest of the bags out of the room.”
Over the defendant’s objection, the trial court read a- willful blindness, instruction. During deliberations, the jury asked- two questions related to the instruction. The jury convicted the defendant of the trafficking in cocaine charge and two misdemeanors. The court sentenced the defendant to seven years in prison on the trafficking count and one year in prison on the misdemeanors, with the sentences to run'concurrently. Prom his conviction and sentence, he now appeals.
The defendant argues the trial court’s willful blindness instruction violated his rights to a fair trial and due process. We agree and reverse.
At the charge conference, the State requested a willful blindness instruction. Defense counsel .objected, arguing the instruction eliminated the State’s need to prove knowledge and invaded the jury’s province to decide if the defendant had actual knowledge to support the trafficking charge. He also moved for a mistrial based on the instruction, arguing it did not apply to the facts of the case. Alternatively, defense counsel asked the trial court to give the willful blindness instruction used by the Ninth Circuit Court of Appeals.
Although the court seemed hesitant, it gave the following instruction:

3.3(h). Willful Blindness

In some cases, the issue to be determined is whether the defendant had knowledge of a certain fact. Florida law recognizes a concept known as willful blindness, which is sometimes referred to as “deliberate avoidance of positive knowledge.” Willful blindness occurs when a person has his or her suspicion aroused about a particular fact, realized its probability, but deliberately refrained from obtaining confirmation because he or she wanted to remain in ignorance. A person who engages in willful blindness is deemed -to have knowledge of that.faet;
We review the propriety of jury instructions for an abuse of discretion. Silver v. State, 149 So.3d 54, 57 (Fla. 4th DCA 2014) (citation omitted).
The defendant argues the willful ’blindness instruction impermissibly eliminated the State’s burden of proving he had-actual knowledge of the cocaine.' That'error, he argues, was enhanced by the defects in the instruction. • He argues 'the facts did not support the instruction because it is to be given rarely; and this -is not a “drug mule” case. He argues the facts did not support a theory that he deliberately contrived to avoid knowing there was cocaine and other drugs in the backpack. The discussion that took place in the transport vehicle reveals his shock and surprise concerning the cocaine found in the backpack.
The State responds that the defendant invited the error because defense counsel indicated the instruction was “fine” after objecting to it. The State relies upon our supreme court’s approval of the standard instruction. The defendant replies that he consistently opposed -the instruction at the charge conference, in his written-objection, in his proposed-jury instruction, during the State’s closing argument and the court’s instructions to the jury, and in his motion for new trial. ■
*908 We find no merit in the State’s suggestion that the .error was invited. We therefore address the merits of his argument. Consistent with our holding in Dix, we hold the willful blindness instruction should not have been given in this case.
“A' Jewell instruction should not be given in every case in which a defendant claims a lack of knowledge, but only in those comparatively rare cases where ... there are facts that point in the direction of deliberate ignorance.” Salomon v. State, 126 So.3d 1185, 1187 (Fla. 4th DCA 2012) (alteration in original) (emphasis added) (internal quotation marks omitted) (quoting Desilien v. State, 595 So.2d 1046, 1047 (Fla. 4th DCA 1992)); see United States v. Jewell, 532 F.2d 697, 700 (9th Cir.1976). It “should not be given when the evidence admitted at trial is ‘consistent only with a theory supporting the defendants’ actual knowledge, rather than conscious avoidance on their part.’” Salomon, 126 So.3d at 1187 (quoting Desilien, 595 So.2d at 1047).
As we stated in Dix,
Here, the [co-]defendant had been moving items from the house to the storage unit all day. On his last trip, he went into the house with the [ Jdefendant.-They quickly left and drove back to the storage unit with the [ Jdefendant carrying only the backpack. The [ Jdefendant kept the backpack on the floor of the front passenger seat. These facts do not suggest the [ Jdefendant believed the backpack contained contraband, but chose not to find out what was in the backpack. They do not resemble the facts in cases where the willful blindness instruction was correctly given.
196 So.3d at 557. See, e.g., Salomon, 126 So.3d at 1185-87 (finding the instruction inappropriate, but the error harmless because the defendant had actual knowledge of the robbery); Desilien, 595 So.2d at 1046-48 (rejecting the instruction where the defendant had actual knowledge, but finding the error was harmless); Andrews v. State, 536 So.2d 1108, 1109-11 (Fla. 4th DCA 1988) (approving instruction where defendant was paid to pick up a suitcase in the trunk of a cab and take it back to Massachusetts • to place in the trunk of another car, but reversing because instruction was inadequate).
The defendant next launches a multifaceted attack on the contents of the standard instruction. Because we hold the instruction did not apply to the facts of this case, we do not reach the individual arguments. However, we note that the Ninth Circuit’s instruction appears to more completely instruct a jury when a willful blindness instruction applies.[1]

Reversed and Remanded for a new trial.

CIKLIN, C.J., and TAYLOR, J., concur.

. In Jewett, the Ninth Circuit approved the following instruction: ..
The Government can complete their burden of proof by proving, beyond a reasonable doubt, that if the defendant was not actually aware that there was marijuana in the vehicle he was driving when he entered the United States his ignorance in that regard was solely and entirely a result of his having made a conscious purpose to disregard the nature of that which was in the vehicle, with a conscious purpose to avoid learning the truth.
532 F.2d at 700.